**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY PEARSALL, | : | Civil Action No. |
| Plaintiff, | : | |
| | : | |
| v. | : | Complaint and Jury Demand |
| | : | |
| FEDERAL EXPRESS CORPORATION, | : | |
| Defendant. | : | |

### CIVIL ACTION

Plaintiff, Anthony Pearsall (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Federal Express Corporation (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Drexel Hill, PA.

3. Upon information and belief, Federal Express Corporation is a transportation and supply chain management company with a location at 601 River Road, Bridgeport, PA 19405 and a corporate headquarters located at 942 South Shady Grove Road, Memphis, TN 38120.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and

employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§

2

1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging sexual orientation discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2025-09731 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated March 30, 2026. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is male and homosexual.

21. On or about December 18, 2018, Defendant hired Plaintiff in the position of Package Handler.

22. Plaintiff was well qualified for his position and performed well.

23. At all relevant times, Defendant had information and knowledge of Plaintiff's sexual orientation.

## PLAINTIFF'S MANAGER SPOKE TO PLAINTIFF IN A DEROGATORY MANNER AND TRANSFERRED HIM TO ANOTHER DEPARTMENT

24. In or around 2021, Elisabeth "Izzy" Griest, Sort Manager, told Plaintiff in a disparaging manner that he needed to "go back" to the "smalls" department, "or wherever the hell it is you came from," or words to that effect.

25. The "smalls" department refers to the department responsible for small packages and express shipments.

26. Plaintiff's performance was satisfactory at the time of the comment, and the comment was unwarranted.

27. In addition, Griest did not speak to heterosexual employees in a similar manner.

28. Upon information and belief, Griest did not want to work with Plaintiff due to his sexual harassment.

29. Following the comment, Plaintiff was transferred to the "smalls" department.

## PLAINTIFF'S COWORKER SUBJECTED HIM TO CONSTANT DISCRIMINATORY HARASSMENT DUE TO HIS SEXUAL ORIENTATION

30. After his transfer to the "smalls" department, in or about 2022, Plaintiff was assigned to work alongside a Package Handler coworker who subjected Plaintiff to repeated abusive and homophobic conduct.

4

31. On one occasion, the coworker told Plaintiff, "Shut up, faggot," or words to that effect.

32. The coworker also stated, "I hate faggots," used the slur "fags," and repeated variations of the slur toward Plaintiff on multiple occasions.

33. The coworker made an inappropriate comment about Plaintiff bending over to retrieve a package.

34. On another occasion, the coworker made a disparaging remark in Plaintiff's presence about "gay shit," or words to that effect.

35. The coworker further stated that he believed in "Adam and Eve," and not "a man and a man," or words to that effect.

36. On another occasion, the coworker stated that he could not "even watch Sesame Street," a reference to watching the program with his child, "without seeing faggots on TV," or words to that effect.

37. On several occasions, the coworker aggressively threw boxes at Plaintiff as the boxes came out of the funnel and purposefully struck Plaintiff with them, which Plaintiff contends was on account of bias due to his sexual orientation.

## PLAINTIFF REPORTED THE SEXUAL ORIENTATION DISCRIMINATION TO HUMAN RESOURCES

38. Plaintiff reported the sexual orientation discrimination and harassment to Human Resources.

39. However, Human Resources issued Plaintiff a written discipline along with the coworker harassing him following Plaintiff's complaint.

## THE OPERATIONS SUPERVISOR DID NOT PROVIDE PLAINTIFF WITH THE AMOUNT OF ASSIGNED SHIFTS THAT HE ASSIGNED TO HETEROSEXUAL COWORKERS

40. Following Plaintiff's complaint, Kyle Jones, Operations Supervisor, discriminated and/or retaliated against Plaintiff in the assignment of shifts.

41. Jones provided shifts to Plaintiff's heterosexual coworkers who did not complain about discrimination but then told Plaintiff that no further shifts were available.

## DEFENDANT SENT PLAINTIFF HOME FOR WORK ALLEGEDLY BEING SLOW

42. On or about May 6, 2025, Plaintiff was sent home from a scheduled shift because work was slow.

## JONES INFORMED PLAINTIFF THAT HE WAS TAKEN OFF THE SCHEDULE UNTIL HE MET WITH DEFENDANT'S SECURITY SPECIALIST

43. On or about May 13, 2025, Plaintiff called out of work because he was not feeling well.

44. Later that evening, Jones instructed Plaintiff via text message that he was required to speak with Syerra Fontaine, Security Specialist, before returning to work, and that Plaintiff's return to work was contingent upon a scheduled meeting or telephone call with Fontaine.

45. Jones did not provide Plaintiff with a reason for the instruction at that time, and Jones confirmed by text message that the meeting with Fontaine was unrelated to Plaintiff's inability to make his shift.

## PLAINTIFF MET WITH FONTAINE AND HUMAN RESOURCES REGARDING AN ALLEGATION

46. On or about May 15, 2025, Plaintiff participated in a telephone conversation with Fontaine and with Christina Cardinal, Human Resources Business Partner.

6

47. During that conversation, Plaintiff was informed for the first time that he had been accused of looking at a male individual while that individual was using the men's restroom, or words to that effect.

48. The accusing individual is male and is not believed to be openly LGBTQ+.

49. Plaintiff had never previously met the accusing individual and had no verbal or physical contact with him.

50. Plaintiff strenuously denied that the alleged incident occurred.

51. Plaintiff contends that the accusing individual falsely assumed, or stereotyped, Plaintiff as having a sexual interest in him in the restroom on account of Plaintiff's sexual orientation, and that Defendant acceded to that bias.

## PLAINTIFF COMPLAINED OF DISCRIMINATION AND WAS CALLED "QUEER" BY CARDINAL

52. During the May 15, 2025 conversation, Plaintiff told Cardinal that he believed he was being "discriminated against", or words to that effect.

53. Cardinal responded, in a denigrating manner, "Why, because you're queer?", or words to that effect.

54. Plaintiff replied that "queer" was an offensive term for Cardinal to use to refer to a member of the LGBTQ+ community.

## DEFENDANT SUSPENDED PLAINTIFF PENDING INVESTIGATION

55. Following the conversation, Plaintiff was informed that he was suspended pending investigation.

56. Importantly, Defendant did not request Plaintiff to provide a written statement regarding the alleged restroom incident.

## PLAINTIFF ATTEMPTED TO CONTACT DEFENDANT MULTIPLE TIMES, BUT DID NOT RECEIVE A RESPONSE

57. Plaintiff attempted to schedule a meeting with Cardinal and Sam Trusik, Senior Manager, to discuss his belief that the allegation against him was targeted, but the meeting was never scheduled.

58. Plaintiff contacted Darren Meiser, Manager of People Operations, who directed Plaintiff to Carissa Sherry, Manager of People Operations.

59. Plaintiff attempted to contact Sherry on multiple occasions, including on or about May 16, 2025 and July 1, 2025, but received no response.

60. On or about July 22, 2025, Plaintiff sent an email to Sherry documenting his repeated attempts to contact Defendant since May 2025 regarding his employment status.

61. However, Sherry did not respond.

62. Plaintiff also contacted other representatives of Defendant including Shanequa Last Name Unknown ("LNU"), Manager, in an attempt to learn the status of his employment.

63. Again, Plaintiff did not receive any response.

64. At no time did Plaintiff receive a formal termination notice or any written notice regarding his suspension or the status of his employment.

## PLAINTIFF LEARNED OF HIS TERMINATION

65. In or around early July 22, 2025, Plaintiff contacted Vanguard, the administrator of his 401(k) account through Defendant, and was informed that his employment status was listed as currently employed.

66. In or around early September 2025, Plaintiff again contacted Vanguard and was informed that he was listed as terminated, with an effective date of July 25, 2025.

8

67. Plaintiff was discharged without the notice, progressive discipline, or corrective opportunities afforded to similarly situated employees outside of his protected class.

68. Defendant discriminated against Plaintiff due to his sexual orientation and in retaliation for previously reporting sexual orientation discrimination in violation of Title VII and the PHRA.

69. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

### COUNT I – SEXUAL ORIENTATION DISCRIMINATION
### <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

70. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

71. Plaintiff is a member of protected classes in that he is homosexual.

72. Plaintiff was qualified to perform the job.

73. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

74. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

75. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

76. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

77. Defendant terminated Plaintiff.

78. As a result of Defendant's unlawful sexual orientation discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra.*

## COUNT II – SEXUAL ORIENTATION DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

79. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

80. Plaintiff is a member of protected classes in that he is homosexual.

81. Plaintiff was qualified to perform the job.

82. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

83. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

84. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

85. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

86. Defendant terminated Plaintiff.

87. As a result of Defendant's unlawful sexual orientation discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

88. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

89. Plaintiff engaged in protected activity protected by Title VII when he complained about sexual orientation discrimination.

90. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

91. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

92. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

93. Plaintiff engaged in activity protected by the PHRA when he complained about sexual orientation discrimination.

94. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

95. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Anthony Pearsall, requests that the Court grant him the following relief against Defendant:

(a)  Compensatory damages;

(b)  Punitive damages;

(c)  Liquidated damages;

(d)  Emotional pain and suffering;

11

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(j)    Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)    Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: June 29, 2026          **By:**    */s/ David M. Koller*
                                        David M. Koller, Esquire
                                        Jordan D. Santo, Esquire
                                        2043 Locust Street, Suite 1B
                                        Philadelphia, PA 19103
                                        215-545-8917
                                        davidk@kollerlawfirm.com
                                        jordans@kollerlawfirm.com

                                        *Counsel for Plaintiff*